**In re Mark HORTON, Debtor.**

**No. 08–12526–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 3, 2008.

Michael J. Brooks, Miami, FL, for Debtor.

John G. Bianco, III, Tripp Scott, P.A., Fort Lauderdale, FL, for DaimlerChrysler.

Nancy N. Herkert, Miramar, FL, Chapter 13 Trustee.

## ORDER DETERMINING THAT LAST CLAUSE OF "HANGING PARAGRAPH" DOES NOT APPLY TO MOTOR VEHICLES

ROBERT A. MARK, Bankruptcy Judge.

Debtor's motion to value collateral raises yet another "hanging paragraph" issue which has generated conflicting opinions from bankruptcy courts: If a motor vehicle was acquired by the debtor for business use within one year of bankruptcy, is that vehicle an "other thing of value" as that term is used in the last clause of the hanging paragraph thereby precluding stripdown of the secured claim under § 506? This Court joins the majority of courts which have said no. If a motor vehicle was acquired for business use within a year of the filing, it is not covered by either clause of the hanging paragraph and the Debtor may seek valuation and strip down of the secured debt under § 506.

### The "Hanging Paragraph" Restrictions on Valuing Secured Claims

To set the stage, the statutory language at issue is contained in the unnumbered paragraph (actually, one long sentence) located at the end of § 1325(a). This "hanging paragraph" (as it is commonly called) reads as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim the debt was incurred within the 910–day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle

(as defined in section 30102 of title 49) acquired for the personal use of the debtor, *or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.*

(emphasis added). Specifically at issue in this case is whether the last clause of the paragraph, emphasized above, applies to motor vehicles acquired by a debtor for business purposes within one year of the bankruptcy filing.

### Factual and Procedural Background

The Debtor filed a Chapter 13 petition commencing this case on March 3, 2008 (the "Petition Date"). His assets include a 2006 Dodge Sprinter (the "Vehicle"), purchased on July 27, 2007, less than one year before the Petition Date. The Vehicle was financed by Daimler Chrysler Financial Services Americas LLC (the "Lender"). As of the Petition Date, $43,438.10 was due on the loan.

On June 18, 2006, Debtor filed a Motion to Value Collateral and Strip Lien of DaimlerChrysler Financial Services Americas, LLC ("Motion to Value Collateral") [CP# 30]. The Debtor alleges that the Vehicle is worth $22,000, which he proposes to pay over the life of his Chapter 13 plan at 7% interest. The Motion to Value Collateral argues that valuation of Lender's secured claim is permissible under § 506 and not prohibited by the hanging paragraph since the Vehicle is used only for work purposes. Lender's Response to Debtor's Motion to Value Collateral [CP# 35] argues that the Vehicle was purchased within 910 days of the Petition Date and therefore stripdown is precluded by the hanging paragraph.

The Court conducted a hearing on the Motion to Value Collateral on September 18, 2008. At the hearing, Lender stipulated that the Vehicle was not acquired for

the Debtor's personal use and therefore agreed that the Vehicle was not a "910 Car" subject to the first clause of the hanging paragraph. The Lender argued, however, that the last clause of the hanging paragraph applies since the Vehicle was acquired within one year of the Petition Date.

### *Discussion*

■ A majority of Courts addressing the issue have ruled that a car that was not acquired for the personal use of the debtor is not subject to the second clause of the hanging paragraph, including Judge Ray's decision from this district. *In re Balsinde,* 2007 WL 4247642 (Bankr. S.D.Fla.2007). In *Balsinde,* the debtor filed a Chapter 13 petition within one year of purchasing a motor vehicle. At the time of filing, the secured creditor was undersecured and the debtor sought to strip down the lien to the value of the collateral. HSBC, the secured creditor, argued that since the vehicle was purchased within one year of filing, the lender was protected under "the last two lines of the hanging paragraph, which state 'or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1–year period preceding that filing.' " *In re Balsinde,* 2007 WL 4247642 at *2 (quoting 11 U.S.C. § 1325(a)).

The court employed the canon "of statutory construction that the specific governs the general," and reasoned that since "the first section of the hanging paragraph specifically deals with motor vehicles ... the second clause of the hanging paragraph is inapplicable to motor vehicles." *Id.* (internal citations omitted). The Court also noted that affording car lenders the protection of the second clause of the hanging paragraph would allow auto lenders to avoid the "personal use" requirement of

the first clause, an unintended legislative benefit. *Id.* at *3.

Several other courts have reached the same conclusion. *See In re Hayes,* 376 B.R. 655 (Bankr.M.D.Tenn.2007) (reasoning that the analysis under the 1325 hanging paragraph begins with the identification of the collateral and adding that "the collateral specific distinction in the hanging sentence is evidence of Congressional intent to treat motor vehicle collateral differently than any other collateral."); *In re Ford,* 2008 WL 1925153 (Bankr.E.D.Wis. 2008) (on facts identical to those in the instant case, the court held that debtor's Nissan Maxima is a motor vehicle and thus treated only under the first clause of the hanging paragraph); *In re Parish,* 2006 WL 1679710 (Bankr.M.D.Fla.2006) (holding that a motor vehicle is specifically not "any other thing of value"); *In re Hickey,* 370 B.R. 219 (Bankr.D.Neb.2007) (finding that the hanging paragraph creates two classes of collateral: motor vehicles and all other things of value); *In re Curtis,* 345 B.R. 756 (Bankr.D.Utah 2006) (finding that a tractor is not a motor vehicle for purposes of 1325(a), but recognizing that motor vehicles are treated differently under the hanging paragraph); *In re Ellegood,* 362 B.R. 696 (Bankr.E.D.Va.2007) (concurring with the *Parish* and *Curtis* courts' proposition that the "hanging paragraph" creates two categories of collateral).

Disagreeing with the majority view, Bankruptcy Judge Haines reached the opposite conclusion in *In re Littlefield,* 388 B.R. 1 (Bankr.D.Me.2008). In *Littlefield,* the Debtor attempted to value the secured claim on a Volvo dump truck. The creditor agreed that the dump truck was a motor vehicle acquired for business purposes, not personal use, and thus was not subject to the restrictions in the first clause of the hanging paragraph. The creditor argued, however, that the vehicle

was subject to the second clause of the hanging paragraph and thus, protected from modification.

Judge Haines reasoned that the ambiguous statute's interpretation turns on the referent of "thing" in the hanging paragraph's final clause. *Littlefield,* 388 B.R. at 3. In other words, the issue is whether the "other thing of value" in the second clause modifies the language "motor vehicle" or "motor vehicle . . . acquired for the personal use of the debtor" in the first clause. Judge Haines concluded that "other thing of value" means anything else besides a motor vehicle acquired for personal use. Thus, under his reasoning, claims of creditors holding a purchase money security interest on a motor vehicle acquired for business use cannot be modified under § 506, if the debt was incurred within a year of the Bankruptcy filing. *Id.* at 6. In short, he found that business vehicles were subject to the last clause of the hanging paragraph.

This Court agrees with Judge Haines' formulation of the issue in *Littlefield.* The result hinges on the meaning of "other thing of value" as that term is used in the statute. Does it mean anything of value *other than a motor vehicle,* as most courts have concluded? Or, as *Littlefield* found, does it mean anything of value (including a motor vehicle), *other than a motor vehicle acquired for personal use?*

This Court sides with the majority. As Judge Lundin noted in *Hayes,* "Congress made a policy decision to treat motor vehicle collateral differently than any other thing of value." 376 B.R. at 665. As noted earlier, several other courts agree that the second clause refers to collateral other than motor vehicles.

■ This Court adopts the majority view for two other reasons. First, since the "hanging paragraph" creates an exception to the general right of a debtor to

value secured claims under § 506, any ambiguity should be resolved in favor of limiting, not expanding the exception. Second, the scant legislative history supports the majority interpretation. In discussing the last clause of the hanging paragraph, the House Report states as follows:

> Where the collateral consists of any other *type* of property having value, section 506(b) does not apply if the debt was incurred during the one-year period preceding the filing of the bankruptcy case.

H.R.Rep. No. 109–31(I), Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 109th Cong. (2005), U.S.Code Cong. & Admin.News 2005, p. 88. (emphasis added).

Although Judge Haines found this passage "singularly unhelpful" in *Littlefield,* 388 B.R. at 4, n. 5, this Court reads it differently. In using the phrase "other type of property" in discussing "other thing of value," it appears to this Court that Congress was talking about property other than a motor vehicle. It seems a strained reading of the legislative history to conclude that a motor vehicle acquired for business use is a different "type of property" than a motor vehicle acquired for personal use.

In sum, a motor vehicle acquired within one year of a bankruptcy filing is not an "other thing of value" as that term is used in the last clause of the hanging paragraph and the Debtor's Motion to Value Collateral may proceed. Therefore, it is—

**ORDERED** as follows:

1. Lender's Objection to the Motion to Value Collateral is overruled to the extent Lender argues that § 506 is inapplicable to Debtor's Vehicle under the last clause of the hanging paragraph.

2. The Court will conduct a Status Conference on the Motion to Value Collat-

eral on *December 11, 2008,* at *9:00 a.m.,* the date and time presently set for a continued confirmation hearing. If the parties cannot agree on the value of the Vehicle or the appropriate interest rate, the Court will set an evidentiary hearing to determine these issues.